IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GREGORY HASTY**, <br><br> Plaintiff, <br> vs. <br><br> **FLAGSHIP FACILITY SERVICES, INC.**, <br><br> Defendant. | Case No.: 1:24-cv-02213 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

GREGORY HASTY ("Plaintiff"), through counsel, for his Complaint against Defendant, FLAGSHIP FACILITY SERVICES, INC. ("Defendant"), states and alleges as follows:

### NATURE OF THE CASE

1. This is an action to recover statutory damages and for injunctive relief arising out of unlawful collection, receipt, use, possession, retention and disclosure of the personal biometric identifiers and biometric information of Plaintiff in violation of the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1 (2008).

### THE PARTIES

2. Plaintiff is a natural person and is domiciled in Illinois.

3. Defendant is a California corporation and maintains its registered agent in Illinois at 2501 Chatham Road, Ste. R, Springfield, IL 62704.

4. Defendant's headquarters is located at 405 S. Kimball Avenue, Southlake, TX 76092.

5. Defendant owns and operates a facility located at 191 N. Wacker Drive, Chicago, Illinois 60606 ("Wacker Drive Facility").

1

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000.00[1] exclusive of punitive damages, and/or interest and costs, and is between citizens of different States.

7. Plaintiff is a citizen of Illinois.

8. Defendant is a corporation organized under the laws of California with a corporate headquarters located the state of Texas and is therefore a citizen of the states of California and Texas.

9. This Court has personal jurisdiction over Defendant because it conducts substantial business in Illinois.

10. Venue lies in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Defendant can be found in this District.

## RELEVANT FACTS

11. Plaintiff worked for Defendant as a receiver in the culinary department at the Wacker Drive Facility from July, 2018 to March 2020.

12. For purposes of this lawsuit, the relevant time period spans from January 16, 2019 to March 2020.

13. UKG, Inc. ("Kronos") is a non-party human resources and payroll service provider that offers services that include the use of biometric time clocks.

---

[1] Plaintiff seeks statutory, liquidated damages of $1,000 for each negligent violation of BIPA and $5,000 for each intentional or reckless violation of BIPA and alleges that there were not less than 1,000 BIPA violations.

14. Biometric time clock systems capture and process biometric data to record employee attendance.

15. These systems can operate in different ways, depending on how they capture, store, and verify biometric data. The two primary methods are: Local Server Verification and Third-Party Server Verification.

16. Under the first method, the employee's biometric data is captured by the time clock at the employer's place of business and is stored on a local server maintained by the employer. When the employee clocks in or out, the time clock system compares the scanned biometric data with the stored data on the local server to verify the employee's identity.

17. Under the second method, the employee's biometric data is captured by the time clock at the employer's place of business, but this data is disseminated, disclosed, and/or redisclosed to a third-party payroll company server for verification. The third-party payroll company system compares the transmitted biometric data with a stored copy to verify the employee's identity.

18. Under either method, the employer is involved in the capture, collection, and possession of biometric data.

19. During Plaintiff's employment with Defendant at the Wacker Drive Facility, Defendant used a Kronos biometric time clock system (the "time clock" or "time clock system") that required Plaintiff to scan, upload and/or use his unique finger characteristics at the start and conclusion of each working shift, and each time Plaintiff left and returned from a lunch break.

20. Defendant's time clock was located in the common area near the kitchen on the wall.

21. Defendant's time clock system was used for employee authentication and identification to track their time worked.

22. When Plaintiff was initially hired, he was required to enroll in Defendant's time clock system using a scan of his fingerprint or hand geometry, so that a digital copy or mathematical template "based on" his fingerprint or hand geometry can be stored on a database with his associated identity information.

23. Each time Plaintiff used the time clock, his biometrics were scanned, analyzed, or otherwise converted into digital information that is transmitted to and compared with the database to find a matching copy or template.

24. Once a match was found, the employee is identified or authenticated, and the time of the scan is recorded.

25. Defendant's time clock system scanned Plaintiff's index fingerprint or hand geometry no less than 4 times each working day, and at least 1,000 times over the course of his employment with Defendant.

26. Defendant's time clock system used, collected, and stored a scan of Plaintiff's fingerprint or hand geometry for purposes of time tracking and employee authentication.

27. Alternatively, Defendant's time clock system used, collected, and stored an encrypted mathematical representation of Plaintiff's fingerprint or hand geometry for purposes of time tracking and employee authentication.

28. In either event, Defendant's time clock system used, collected, and stored unique "biometric identifiers" or "biometric information" belonging to the Plaintiff.

29. Defendant never informed Plaintiff of the specific limited purposes for which the Defendant collected, stored, or used his "biometric identifier" or "biometric information."

30. Defendant never informed Plaintiff of the specific length of time for which Defendant would use or retain his "biometric identifier" or "biometric information."

31. Similarly, Defendant never informed Plaintiff of any biometric data retention policy it developed, nor whether it will ever permanently delete his "biometric information."

32. Plaintiff never signed a written release allowing Defendant to collect, capture, or otherwise obtain his "biometric information."

33. Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Defendant's repeated violations of the BIPA alleged herein.

34. This lawsuit is Plaintiff's one and only chance to obtain compensation for Defendant's violations of BIPA. Depending on how technology evolves years into the future, losing control of and ownership over very personal identifiers could have untold harmful consequences.

35. BIPA was enacted in 2008 for the purpose of addressing a "very serious need for protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Session No. 276.

36. For BIPA purposes, a "biometric identifier" is a personal feature that is unique to an individual and specifically includes fingerprints or a scan of hand geometry. 740 ILCS 14/10.

37. Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined.

38. BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based upon an individual's biometric identifier used to identify the individual." *Id.*

39. BIPA prohibits private entities from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless the private entity:

> (1) informs that person in writing that identifiers and information will be collected and/or stored;
>
> (2) informs the person in writing of the specific purpose and length for which the identifiers or information is being collected, stored or used;
>
> (3) receives a written release from the person for the collection of that data; and
>
> (4) publishes publicly available written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS 14/15(a) and (b).

40. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

41. Plaintiff seeks an award of liquidated damages due to the difficulty in quantifying his harm.

## COUNT I

### Violation of § 15(a) of BIPA
### [Failure to Institute, Maintain, and Adhere to Publicly Available Retention Schedule]

42. Plaintiff restates paragraphs 1 through 41 of the complaint as if set out here in full.

43. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention - and, importantly, deletion - policy. Specifically, these companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 15(a).

44. Defendant failed to comply with these BIPA mandates.

45. Defendant is a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

46. Plaintiff is an individual who had "biometric identifiers" (in the form of fingerprints or hand geometry) collected by Defendant. *See* 740 ILCS § 14/10.

47. Plaintiff's biometric identifiers were used to identify him and, therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

48. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 15(a).

49. Defendant failed to make any written policy establishing a retention schedule and guidelines for permanent deletion of biometric data publicly available.

50. Defendant failed to delete Plaintiff's biometric data when Plaintiff ceased working for Defendant, which is when Defendant's purpose for retaining that data ceased.

51. Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's biometric data when the purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

52. Defendant did not have a retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA when it collected Plaintiff's "biometric information." *See* 740 ILCS § 15(a).

53. Plaintiff has never seen, been able to access, or been informed of any biometric data retention policy or guidelines developed by Defendant, nor have they ever seen, been able to access, or been informed of whether Defendant would ever permanently delete his biometric data.

54. Defendant violated BIPA each time it collected or disseminated the Plaintiff's biometric identifiers and biometric information without having in place a compliant retention schedule or guidelines for permanently destroying same.

55. Defendant knew, or was reckless in not knowing, that the biometric-enabled time clock system it used would be subject to the provisions of BIPA, a law in effect since 2008, yet has completely failed to comply with Section 15(a) of BIPA, or otherwise intentionally or recklessly failed to comply with Section 15(a) of BIPA.

56. Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA by failing to adhere to the reasonable standard of care in the less than load logistics industry with respect to biometric information and the mandates of Section 15(a) of BIPA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide him with the following relief:

a. Declaring that Defendant violated Section 15(a) of BIPA;

b. Requiring Defendant to comply with BIPA's requirements for the collection, storage, use, and dissemination of biometric identifiers and biometric information as described herein;

c. Requiring Defendant to destroy biometric identifiers or biometric information pursuant to and in compliance with Section 15(a) of BIPA;

d. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(1);

e. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(a) of BIPA pursuant to 740 ILCS § 14/20(2);

f. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

g. Enjoining Defendant from further violations of Section 15(a) of BIPA.

## COUNT II

### Violation of § 15(b) of BIPA
### [Failure to Obtain Informed Written Consent and Release
### Before Obtaining Biometric Identifiers or Information]

57. Plaintiff restates paragraphs 1 through 41 of the Complaint as if set out here in full.

58. BIPA requires companies to obtain informed written consent from its workers before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

59. "A party violates Section 15(b) when it collects, captures, or otherwise obtains a person's biometric information without prior informed consent. This is true the first time an entity scans a fingerprint or otherwise collects biometric information, but it is no less true with each subsequent scan or collection." *Cothron v. White Castle System, Inc.*, 2023 IL 128004 ¶ 24 (internal citation omitted).

60. Informed consent is the "heart of BIPA." *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).

61. Defendant failed to comply with these BIPA mandates.

62. Defendant is a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

9

63. Plaintiff is an individual who had his "biometric identifiers" (in the form of fingerprints or hand geometry) collected by Defendant. *See* 740 ILCS § 14/10.

64. Plaintiff's biometric identifiers were used to identify him and, therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

65. Defendant collected, captured or otherwise obtained Plaintiff's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

66. Defendant never informed Plaintiff in writing that his biometric identifier or biometric information was being collected or stored, or of the specific length of term for which his biometric identifiers and/or biometric information were being collected, stored or used before collecting, storing or using that data as required by 740 ILCS § 14/15(b)(1)-(2).

67. Prior to collecting Plaintiff's biometric identifiers and information, Defendant never obtained a written release authorizing such collection. 740 ILCS § 14/15(b)(3).

68. By collecting, capturing, and otherwise obtaining Plaintiff's biometric identifiers or information as described herein, Defendant violated Plaintiff's privacy in his biometric identifiers and information as set forth in BIPA *each time* the Defendant collected, captured, obtained, stored or used Plaintiff's biometric identifiers or information.

69. Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with Section 15(b) of BIPA, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

70. Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(b) of BIPA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a. Declaring that Defendant violated Section 15(b) of BIPA;

b. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(1);

c. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(b) of BIPA pursuant to 740 ILCS § 14/20(2);

d. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

e. Enjoining Defendant from further violations of Section 15(b) of BIPA.

## COUNT III

### Violation of § 15(d) of BIPA
### [Disclosure of Biometric Identifiers or Information Without Obtaining Consent]

71. Plaintiff restates paragraphs 1 through 41 of the complaint as if set out here in full.

72. BIPA prohibits private entities from disclosing, redisclosing or otherwise disseminating a person's or customer's biometric identifier or biometric information without obtaining consent for that disclosure, redisclosure or dissemination, with limited exceptions, none of which are appliable here. 740 ILCS § 14/15(d).

73. Defendant failed to comply with this BIPA mandate.

74. Defendant is a nongovernmental "private entity" under BIPA. *See* 740 § ILCS 14/10.

75. Plaintiff is an individual who had his "biometric identifiers" (in the form of fingerprints) collected by Defendant, as explained in detail above. *See* 740 ILCS § 14/10.

76. Plaintiff's biometric identifiers were used to identify him and, therefore, they constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

77. Defendant systematically and automatically collected, captured, or otherwise disseminated Plaintiff's biometric identifiers and/or biometric information without obtaining the consent required by 740 ILCS § 14/15(d)(1).

78. By utilizing a biometric timekeeping system (time clock and timekeeping databases), Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated biometric identifiers or biometric information of the Plaintiff to at least its payroll or biometric time clock vendor Kronos without first obtaining the Plaintiff's consent as required by 740 ILCS § 14/15(d)(1).

79. By disclosing, redisclosing, or otherwise disseminating Plaintiff's biometric identifiers and/or biometric information without his consent as described herein, Defendant violated BIPA *each time* there was a disclosure, redisclosure or dissemination of Plaintiff's biometric identifiers in violation of Plaintiff's rights to privacy in his biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

80. Defendant knew, or was reckless in not knowing, that the biometric timekeeping systems used would be subject to the provisions of BIPA, a law in effect since 2008, yet completely failed to comply with the statute, or otherwise intentionally or recklessly failed to comply with Section 15(b) of BIPA.

81. Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA by failing to adhere to the reasonable standard of care in its industry with respect to biometric information and the mandates of Section 15(d) of BIPA.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court provide Plaintiff with the following relief:

a. Declaring that Defendant violated Section 15(d) of BIPA;

b. Awarding liquidated damages of $1,000 for *each* negligent violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(1);

c. Awarding liquidated damages of $5,000 for *each* intentional and/or reckless violation of Section 15(d) of BIPA pursuant to 740 ILCS § 14/20(2);

d. Awarding reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and

e. Enjoining Defendant from further violations of Section 15(d) of BIPA.

### JURY DEMAND

Plaintiff hereby respectfully demand a trial by jury.

*Respectfully submitted,*

GREGORY HASTY

*/s/ Samuel L. Eirinberg*

Samuel L. Eirinberg
Majdi Hijazin
Adam J. Feuer
DJC LAW, PLLC
140 S. Dearborn Street, Suite 1610
Chicago, Illinois 60603
(872) 804-3400
sam@teamjustice.com
majdi@teamjustice.com
adam@teamjustice.com

Nick Wooten
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
nick@teamjustice.com
*Lead Trial Attorney*

*Counsel for Plaintiff*