IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Gregory Hasty,

    Plaintiff,

v.

Flagship Facility Services, Inc.,

    Defendant.

Case No. 24 C 2213

Judge Jorge L. Alonso

## Memorandum Opinion and Order

The Court grants Defendant's motion to compel arbitration and stay proceedings (ECF No. 12) and directs the parties to engage in diligent and good-faith efforts to select an arbitrator.

## Background

According to Plaintiff Gregory Hasty's complaint, Defendant Flagship Facility Services, Inc. (Flagship) failed to comply with various provisions of the Illinois Biometric Information Privacy Act (BIPA) by using a biometric time-clock system while Hasty worked there. (*See* ECF No. 1.)

As part of Hasty's employment at Flagship, the parties entered into a Dispute Resolution Agreement that required them to arbitrate any legal dispute arising out of or related to Hasty's employment there. (ECF No. 13-1 p. 7.[1]) Among other things, the Dispute Resolution Agreement provides that the arbitrator shall be selected by the parties' mutual agreement but that "[i]f for any reason the parties cannot agree to an Arbitrator, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted

---

[1] Cited page numbers correspond with the numbers on the ECF system headers for each document.

for appointment of a neutral Arbitrator." (*Id.* p. 8.) The agreement also requires any arbitration demand made to Flagship to be provided to Flagship's human-resources department in San Jose, California. (*Id.*) The agreement further states that "in all cases where required by law, [Flagship] will pay the Arbitrator's and arbitration fees," but "[i]f under applicable law [Flagship] is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes in that regard will be resolved by the Arbitrator." (*Id.* p. 9.)

On January 16, 2024, Hasty filed an arbitration demand against Flagship with the American Arbitration Association (AAA), and Hasty's counsel provided Flagship with a courtesy copy of the demand the next day. (ECF No. 17-1 p. 33.) Flagship's counsel responded that the AAA arbitration demand was premature and that the parties were required to first work together to select an arbitrator. (*Id.* p. 32.) During the parties' ensuing correspondence, Hasty's counsel explained that they were willing to work together to choose an arbitrator, including one not at the AAA, if Flagship would agree to pay all arbitration fees except the initial filing fee. (*Id.* pp. 30–32.) Flagship's counsel disagreed, did not consent to the AAA administering the arbitration, and explained that fee disputes were to be resolved by the arbitrator and should not interfere with the parties' attempt to mutually agree on an arbitrator. (*Id.* pp. 31, 37–38.) The parties continued corresponding for several weeks. (*Id.* pp. 23–29.) At one point, Hasty's counsel agreed to send Flagship's counsel the names of two potential arbitrators to consider, but ultimately never did so, stating instead that Hasty would not agree to any arbitrator unless Flagship agreed to pay most of the arbitration fees. (*See id.* p. 28.) Flagship did not agree to pay those fees and invited Hasty to ultimately raise the issue with the eventual arbitrator; Hasty's counsel took Flagship's refusal as a

mutual inability to agree on an arbitrator and stated that they would apply to a court to appoint a neutral arbitrator. (*See id.* pp. 23–25.)

On March 18, 2024, Hasty sued Flagship in this District for Flagship's alleged BIPA violations—it made no mention of arbitration and did not ask the Court to appoint an arbitrator. (ECF No. 1.) In April 2024, Flagship moved to compel arbitration and stay proceedings based on the Dispute Resolution Agreement's mandatory-arbitration provisions. (ECF No. 12.) Hasty filed a response to Flagship's motion in which it does not meaningfully dispute that arbitration is appropriate and instead inserts a "cross-motion" for the Court to appoint an arbitrator.[2] (ECF No. 17.) Flagship replied, asking the Court to direct the parties to engage in good-faith efforts to select an arbitrator pursuant to the Dispute Resolution Agreement rather than selecting an arbitration itself at this stage. (ECF No. 19.)

## Discussion

Even though Hasty purportedly opposed Flagship's motion, the parties agree that arbitration is appropriate—the Court therefore grants Flagship's motion and stays proceedings except as otherwise provided by this order. The parties instead dispute whether the Court should appoint an arbitrator (particularly one at the AAA or the Judicial Arbitration and Mediation Services (JAMS)) at this time or instead direct the parties to further confer regarding arbitrators.

The Court orders the parties to further confer in a good-faith attempt to identify a mutually agreeable arbitrator. To date, the parties have not exchanged any names of potential

---

[2] The Court will consider Hasty's "cross-motion" regarding appointing an arbitrator even though it was embedded in its response to Flagship's motion rather than properly or promptly presented via a separate motion or in Hasty's complaint, which instead made no mention of arbitration, did not apply for appointment of an arbitrator, and represented that venue was proper this District even though Hasty apparently was seeking arbitration all along. *See Schmude v. Sheahan*, 420 F.3d 645, 651 (7th Cir. 2005) ("Lawyers owe courts a duty of candor."); *see also* Fed. R. Civ. P. 11(b).

arbitrators or otherwise engaged in good-faith discussions based on the Dispute Resolution Agreement. Rather, Hasty—despite at one point promising to do so—has refused to meaningfully engage in such discussions unless Flagship first agrees to pay most of the arbitration fees, and now seeks to punt the issue of arbitrator selection to the Court.

Hasty has the process backwards and its correspondence does not reflect a good-faith attempt to select an arbitrator or assist the Court should appointment ultimately be necessary. Under the Dispute Resolution Agreement, the parties may request appointment of an arbitrator by a court only if they cannot agree to an arbitrator among themselves. The Court is hardly convinced that the parties have tried to do so in good faith and are at a true impasse. *See Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶ 31 ("Every contract contains an implied covenant of good faith and fair dealing."). To date, the parties have not exchanged the names of any potential arbitrators and are at odds over not who the arbitrator should be but rather who should have to pay the associated fees. Under the Dispute Resolution Agreement, that issue is to be resolved by the arbitrator that the parties—or, if necessary, the Court—select, not by the Court itself. Hasty's request that the Court simply pick someone at AAA or JAMS (apparently due to those organizations' favorable fee-apportionment rules) thus would contravene the parties' obligation to try to select an arbitrator who will then resolve any fee disputes. The Court also is not equipped to select from among hundreds of potential arbitrators without any guidance or recommendations from the parties and without the parties further discussing potential candidates among themselves.

The Court therefore directs the parties to engage in diligent and good-faith efforts to select an arbitrator—or, at the very least, significantly narrow the field of potential arbitrators—before seeking court intervention. The parties shall then update the Court on their efforts—

4

whether to report that they have found a mutually agreeable arbitrator and are proceeding with arbitration or to set the stage for the Court to step in. Failure to engage in these efforts diligently and in good faith will be considered a violation of a court order.

## Conclusion

The Court grants Defendant's motion to compel arbitration and stay proceedings (ECF No. 12), stays proceedings except as otherwise provided in this order, and directs the parties to engage in diligent and good-faith efforts to select an arbitrator. The parties shall file a joint status report regarding their efforts within 30 days following entry of this order.

**SO ORDERED.**  **ENTERED: November 1, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**

5